JENNIE E. BRANCA,

    Plaintiff,

v.

THE STATE OF FLORIDA;
FLORIDA HIGHWAY PATROL;
COLONEL DAVID H. BRIERTON
JR., in his capacity as Director of the
Florida Highway Patrol; and TROOPER
ELIZABETH RUPP, individually and
in her capacity as a FHP officer,

    Defendants.

_____/

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY,
FLORIDA

Case No.

11016618

Judge:





Dept. of Highway Safety & Motor Vehicles
Office of General Counsel - Tallahassee

A TRUE COPY

JUL 19 2011

HOWARD C. FORMAN
CLERK OF CIRCUIT COURT
BROWARD COUNTY, FL

## COMPLAINT

Plaintiff, **JENNIE E. BRANCA**, by and through her undersigned counsel, hereby sues Defendants, the **STATE OF FLORIDA**, the **FLORIDA HIGHWAY PATROL, COLONEL DAVID H. BRIERTON JR.**, as Director of the Florida Highway Patrol, and **ELIZABETH RUPP**, Trooper for the Florida Highway Patrol, and alleges:

## INTRODUCTION

This lawsuit challenges the action of any/or all Defendants in falsely detaining and arresting and/or imprisoning Plaintiff, and then maliciously commencing a prosecution against Plaintiff, charging her with the crimes of Obtaining a Driver's License by Fraud, Making a False Affidavit, Perjury, and Forgery, in violation of her civil rights and without just cause for such arrest and prosecution.

## JURISDICTIONAL ALLEGATIONS

1.    This is an action for damages which exceed Fifteen Thousand ($15,000.00) Dollars, exclusive of attorneys' fees and costs.

2.    Plaintiff, JENNIE E. BRANCA, (hereinafter "BRANCA"), is a citizen of the State of Florida, a resident of Broward County, and is otherwise *sui juris*.

3.    Defendant, the STATE OF FLORIDA, is amenable to suit for the acts of its agents pursuant to F.S. 768.28, by which the STATE OF FLORIDA has waived sovereign immunity for such acts.

4.    Defendant, COLONEL DAVID H. BRIERTON JR., (hereafter referred to as "BRIERTON"), as Director of the Florida Highway Patrol, (hereafter referred to as "FHP"), is a constitutional officer of the STATE OF FLORIDA and exists pursuant to the laws of the STATE OF FLORIDA, and is amenable to suit pursuant to F.S. 768.28. All of the actions taken by BRIERTON and his employee described herein were done within the course and scope of their employment with FHP.

5.    Defendant, ELIZABETH RUPP, (hereinafter "RUPP"), is, upon information and belief, an individual who is or was employed as a Trooper by the FHP.

6.    At all times material to this cause of action, RUPP was employed by Defendants, FHP and the STATE OF FLORIDA, as a Trooper and was acting within the scope of her employment; all acts committed by RUPP were acts committed in the name of FHP and the STATE OF FLORIDA.

7.    All conditions precedent to bringing this action have been performed, excused, modified, or waived.

8.    All of the acts complained of herein occurred in Broward County, Florida.

# FACTUAL ALLEGATIONS

9.      On or about August 12, 2010, at approximately 4:00 pm, Attorney Bradford Cohen received a phone call from his client, BRANCA, regarding contact she had with Broward Sheriff's Office (hereinafter "BSO") at her home located at 4303 NE 1ˢᵗ Terrace, Fort Lauderdale, Florida.

10.     In regards to that contact, the undercover BSO Deputies stated that BRANCA was to remain at her home and "not go anywhere" until the FHP arrived.

11.     While on the phone with her attorney, and not waiving attorney-client privilege, BRANCA asked the BSO Deputies if she was free to leave, to which they answered "you are to remain here."

12.     Approximately twenty (20) minutes later Defendant RUPP pulled into the parking lot of BRANCA's home and approached her. At the time, BRANCA was still on the phone with her attorney, Bradford Cohen.

13.     BRANCA told RUPP that she would like her attorney present, as she did not know what this was about. While still on the phone, attorney Bradford Cohen heard a voice who he later recognized as Defendant RUPP state, "do not have your attorney come here, he will only make it worse for you."

14.     Defendant RUPP began to show BRANCA a line-up of driver's license photos. The first set of photos contained photos of BRANCA and one photo of another individual named Chyna Cervini, while the second set contained only photos of Chyna Cervini.

15.     BRANCA stated that the picture on the first array of photos was not her and it was in fact a different individual. RUPP completely ignored BRANCA's assertions.

3

16.     Unbeknownst to BRANCA, Defendant RUPP was questioning BRANCA concerning an alleged Driver License Fraud Complaint, and believed BRANCA was the offender.

17.     However, BRANCA never obtained a fraudulent Florida Driver's License.

18.     Instead, there is a photo on a Driver's License containing BRANCA's name and information that is clearly not her, making BRANCA the victim in this case. That photo is of Chyna Cervini.

19.     Essentially, Chyna Cervini, without permission from BRANCA, obtained a fraudulent Driver's License in the name of BRANCA from the Department of Motor Vehicles.

20.     Defendant RUPP, due to her inexperience, laziness, lack of investigative skill, lack of attention to detail, aggressive attitude, desire to intimidate others under color of law rather than do her job, and overall pure sloppiness (more clearly laid out in her numerous internal affairs reports attached hereto as **COMPOSITE EXHIBIT " A "**), had accused the wrong person.

21.     Approximately ten minutes later, attorney Bradford Cohen arrived at BRANCA's home. As he pulled up and identified himself, Defendant RUPP barked, "you are to remain in your car."

22.     As Bradford Cohen again stated he was BRANCA's attorney, RUPP then stated "perfect, then you can help me with some ID." She then showed Bradford Cohen the pictures of BRANCA and Chyna Cervini. Bradford Cohen reiterated time after time that he was not there to identify anyone; he was there in his capacity as an attorney.

23.     Defendant RUPP persisted in saying, "you are her boyfriend," to which Bradford Cohen replied, "no, we are not going out" and "if I were her boyfriend, then I certainly am not reaping any benefits."

24.     Defendant RUPP then stated, "I have heard enough" and walked over to BRANCA, placing her in handcuffs.

4

25.    RUPP placed BRANCA in handcuffs without first removing a large beaded bracelet from BRANCA's wrist thereby restricting her circulation and causing BRANCA great pain.

26.    BRANCA attempted to bring the bracelet to RUPP's attention, but RUPP ignored her entirely until another FHP Trooper removed the bracelet and loosened the handcuffs.

27.    As Defendant RUPP placed BRANCA in handcuffs, Bradford Cohen requested her name and badge number to which she replied, "I already gave that to you and I am not giving it to you again, but I have your card, thanks for that."

28.    In fact, Defendant RUPP never identified herself to Bradford Cohen.

29.    Bradford Cohen then called Chyna Cervini on the phone and alerted Defendant RUPP that he had Chyna Cervini on the phone. RUPP replied that she did not care who he had on the phone.

30.    At the time, Defendant RUPP knew that at least one of the photo line-ups contained photos of Chyna Cervini, an individual who was at least two years younger than BRANCA.

31.    Bradford Cohen then asked RUPP if she even bothered to speak with Chyna Cervini, to which RUPP replied, "You are the great lawyer, that's for you to do, I do not need to do any of that."

32.    Bradford Cohen again requested RUPP to reconsider the arrest and wait for ten minutes until Chyna Cervini would come to the scene and explain that she actually got a Driver's License in BRANCA's name, without assistance from BRANCA and without any identification belonging to BRANCA, just based on looking like BRANCA and requesting a duplicate identification from the Department of Motor Vehicles.

33.    Again, Defendant RUPP refused, stating "sounds like a good defense in court."

34.     Defendant RUPP then proceeded to place BRANCA in a marked unit for transport to the FHP station in Davie, FL.

35.     Ultimately, Defendant RUPP arrested BRANCA on charges of Obtaining a Driver's License by Fraud, Making a False Affidavit, Perjury, and Forgery, all without just cause for such arrest and prosecution.

36.     While at the station, Defendant RUPP began to harass and mock BRANCA, and made statements such as "I hope you aren't relying on him to come get you because he won't" and "you will see that he will just leave you here." These statements referred to BRANCA's attorney, Bradford Cohen.

37.     Defendant RUPP then took time out of processing BRANCA, who was still in handcuffs, to take incoming personal phone calls and make outgoing personal phone calls including a phone call to order a food platter for a funeral.

38.     During her so-called investigation, Defendant RUPP failed to compare signatures on the Florida Driver's Licenses, failed to interview the other individual whom she thought BRANCA was imitating, failed to speak to anyone at the DMV that could identify BRANCA as the individual who was issued an incorrect license, failed to request an expert to assist her in evaluating the individuals in the Driver's License photographs, and completely ignored BRANCA's repeated assertions that she was actually the victim in the case.

39.     Overall, the process of when BRANCA was arrested until BRANCA was released took over thirteen hours. The bond amount that BRANCA had to post was approximately $3,500.00.

40.     The matter was then forwarded to the Broward State Attorney's Office. Kristin Padowitz ASA was the attorney that was to review the matter for filing.

41.    The almost illegibly written probable cause affidavit (attached and incorporated hereto as COMPOSITE EXHIBIT " B ") was part of the packet given to the State Attorney's Office.

42.    Attorney Bradford Cohen spoke with case filing prior to filing and offered additional evidence in the form of Facebook pictures of both BRANCA and Chyna Cervini.

43.    In addition, Bradford Cohen offered the names of witnesses who know both BRANCA and Chyna Cervini and could testify as to their identities, as well as findings from a facial recognition expert who had reviewed the case.

44.    After reviewing the evidence, the Broward State Attorney's Office declined to file any criminal charges against BRANCA on the matter.

45.    The following day, attorney Bradford Cohen was in the Broward County Courthouse and ran into one of the other FHP Troopers that had arrived on the scene after BRANCA's arrest. He told Bradford Cohen that "this case isn't over yet" and "we will see what happens."

46.    Due to that statement, Bradford Cohen then called the Broward County State Attorney's Office to discuss the Trooper's comments.

47.    ASA Kristin Padowitz stated that Defendant RUPP, after finding out that the case was being dropped, came into the office and attempted again to assert that BRANCA got a Driver's License in Chyna Cervini's name.

48.    Again, Defendant RUPP did this without presenting any new evidence, without interviewing Chyna Cervini, without comparing handwriting via signatures on the Driver's Licenses, and without any other additional information to support her assertions.

49.    Once again, ASA Kristin Padowitz decided that the allegations were unsupported by the evidence and declined to file any charges against BRANCA whatsoever.

50.     After this decision was made by the Broward State Attorney's Office, Defendant RUPP decided that she would not accept their decision and reported a violation of Driver's License to the Department of Motor Vehicles.

51.     Both BRANCA and Chyna Cervini received letters stating that their licenses would each be suspended for obtaining a false Driver's License.

52.     Defendant RUPP, who was at best confused due to her lack of investigative skill and attention to detail or at worst was acting vindictively and purposefully under color of law, proceeded to report both BRANCA and Chyna Cervini for allegedly committing the same crime, again without any additional investigation.

53.     In addition, Defendant RUPP did not even bother to type a new probable cause affidavit to assert crimes committed by Chyna Cervini, but reported both BRANCA and Chyna Cervini to the Department of Motor Vehicles anyway.

54.     BRANCA was again forced to obtain counsel to fight this unfounded allegation. Again, BRANCA won and got her Driver's License back, after it being suspended for a number of days.

55.     The unfounded suspension of BRANCA's license caused her substantial hardship in that she had to have others drive her to and from work for several days.

56.     Moreover, BRANCA has been forced to deal with the stigma of having an arrest for identity theft on her record, which negatively affected her in applying for a GOES (Global Online Enrollment System) registration.

57.     Due to this arrest, GOES will not allow her to obtain a form of identification to enter the country through the speed passes at the airport. This will cause her harm when she is returning to the United States from outside the country.

58.     BRANCA has also been putting together enough monies to expunge her record of this arrest, which to date has not yet been obtained.

59.     As a result of her illegal arrest and prosecution, BRANCA was forced to spend a night in jail, expended monies for attorney's fees and costs, and suffered injuries due to the handcuffs placed improperly on her wrists, embarrassment, loss of time from work, and loss of a potential job as the matter was pending during the application for a job.

60.     Pursuant to F.S. §768.28(6)(d), notice of the claim described herein was provided to FHP and the Florida Department of Insurance. A copy of the Notice of Claim and return receipt cards are attached hereto as **COMPOSITE EXHIBIT " C "**.

61.     The Notice of Claim attached hereto as **COMPOSITE EXHIBIT " C "** contains a scrivener's error with regard to the date, which is stated as September 24, 2006 on the document, but which was actually completed and sent to the recipients on or about September 24, 2010.

62.     Over six (6) months have expired since the said Notice was delivered to the above parties. FHP made no final written disposition of BRANCA's claim. Thus, BRANCA's claim is deemed denied for purposes of the notice requirements imposed by F.S. §768.28(6)(d).

63.     To date, the Department of Insurance has not made a final written disposition of BRANCA's claim. Thus, BRANCA's claim is deemed denied for purposes of the notice requirement imposed by F.S. §768.28(6)(d).

**COUNT I**
**FALSE ARREST**
**FLORIDA HIGHWAY PATROL &**
**STATE OF FLORIDA**

BRANCA sues BRIERTON and FHP, as well as the STATE OF FLORIDA, and hereby repeats the allegations contained in Paragraphs 1-63 as though fully contained herein.

64.    On or about August 12, 2010, BRANCA was wrongly and without just cause arrested and imprisoned without probable cause, warrant, or other legal authority, and accused of Obtaining a Driver's License by Fraud, Making a False Affidavit, Perjury, and Forgery by RUPP, who was, at all times material hereto, acting within the course and scope of her employment as Trooper for BRIERTON and FHP.

65.    As a direct and proximate result of the acts of BRIERTON and FHP, by and through its agent, RUPP, BRANCA was arrested, handcuffed, held in custody, "booked", photographed, fingerprinted, had her personal identification entered in police records and computers, and suffered loss of liberty, lost wages, damage to her reputation and community standing, humiliation, personal injury, pain and suffering, loss of time, and physical discomfort, and incurred expenses related to her pre-trial release in the underlying criminal case.

66.    BRIERTON has waived any sovereign immunity rights he might have had through F.S. §768.28.

WHEREFORE, BRANCA demands judgment against BRIERTON, FHP, and the STATE OF FLORIDA for damages, for compensatory damages, together with an award of costs, and such further relief as this Court may deem appropriate, together with a trial by jury.

## COUNT II – NEGLIGENT RETENTION FLORIDA HIGHWAY PATROL & THE STATE OF FLORIDA

BRANCA sues FHP and the STATE OF FLORIDA and hereby repeats the allegations contained in Paragraphs 1-63 as though fully contained herein.

67.    Defendants, FHP and the STATE OF FLORIDA, through its employees, agents and apparent agents, negligently retained and supervised RUPP, and continued to allow her to operate as a Trooper when Defendants knew, or should have known, that RUPP demonstrated

aggressiveness toward others during investigations, lacked attention to detail and adequate investigative skills, had a history of complaints, and was otherwise unfit to hold a position of authority as a law enforcement officer.

68.    FHP and the STATE OF FLORIDA owed a duty to BRANCA, a resident of Broward County, Florida, and member of the general public, to hire and retain safe and competent employees.

69.    Both BRANCA and RUPP were in places where each had a right to be when the wrongful act occurred.

70.    BRANCA came into contact with RUPP as a direct consequence of RUPP's employment as a Trooper for FHP and the STATE OF FLORIDA.

71.    FHP and the STATE OF FLORIDA stood to receive a benefit from the meeting of RUPP and BRANCA in the form of information regarding a crime had the wrongful act not occurred.

72.    Defendants FHP and STATE OF FLORIDA received active and/or constructive notice of RUPP's unfitness as a Trooper when approximately twenty-five (25) separate complaints were filed against RUPP during her career as a law enforcement officer and RUPP was named as a Defendant in a complaint for False Arrest, Malicious Prosecution, and a Violation of Civil Rights Action taken under 42 U.S.C. 1983, which was settled in 2007.

73.    As a result, Defendants should have reasonably foreseen that RUPP would violate the rights of and cause injury to additional citizens of Florida and members of the general public in the absence of any corrective action.

74.    After FHP and the STATE OF FLORIDA received repeated notice of RUPP's unfitness as a Trooper, the Defendants acted unreasonably in failing to take corrective action such as discharge or reassignment of RUPP prior to the date of this incident.

75.     As a result, FHP and the STATE OF FLORIDA breached their duty to BRANCA to retain safe and competent employees.

76.     As a direct and proximate result of the acts of FHP and the STATE OF FLORIDA in continuing to employ RUPP despite extensive notice of her unfitness as a law enforcement officer, BRANCA was arrested, handcuffed, held in custody, "booked", photographed, fingerprinted, had her personal identification entered in police records and computers, and suffered loss of liberty, lost wages, damage to her reputation and community standing, humiliation, personal injury, pain and suffering, loss of time, and physical discomfort, and incurred expenses related to her pre-trial release in the underlying criminal case.

WHEREFORE, BRANCA demands judgment against BRIERTON, FHP, and the STATE OF FLORIDA for damages, for compensatory damages, together with an award of costs, and such further relief as this Court may deem appropriate, together with a trial by jury.

## COUNT III – VIOLATION OF CIVIL RIGHTS
### (42 U.S.C. § 1983 ACTION)
### TROOPER ELIZABETH RUPP

BRANCA sues RUPP, and repeats the allegations contained in paragraphs 1-63 as fully contained herein.

77.     This is a claim pursuant to 43 U.S.C. § 1983, for damages sustained by BRANCA as a result of RUPP's violation of BRANCA's civil, constitutionally protected rights.

78.     The actions of RUPP were done under color and pretense of the laws, customs, and usages of the State of Florida and FHP and under the authority of her position as a Trooper for FHP.

79.   The acts of RUPP were committed in bad faith and with malicious purpose and with the specific intent to deprive BRANCA of the following rights, privileges and immunities secured to her by the Constitution of the United States, specifically including but not limited to:

a)   The right of BRANCA to not be deprived of life, liberty or property without due process of law; and

b)   The right to equal protection of the laws secured by the Fourteenth Amendment to the Constitution of the United States.

80.   As a direct and proximate result of the actions of RUPP, BRANCA sustained bodily injury, pain and suffering, humiliation, mental anguish, and attorney's fees and costs expended in defense of the underlying criminal case.

81.   BRANCA has retained the undersigned attorney to represent her in this action and has agreed to pay him a reasonable fee for his services.

82.   RUPP is liable for BRANCA's attorney's fees and costs expended in the prosecution of this action pursuant to 43 U.S.C. § 1988.

WHEREFORE, BRANCA demands judgment against RUPP for compensatory damages, together with an award of attorney's fees and costs, and such further relief as the Court may deem appropriate, together with a trial by jury.

## COUNT IV - MALICIOUS PROSECUTION
### TROOPER ELIZABETH RUPP
### ALTERNATIVE PLEADING

83.   Alternatively, BRANCA pleads the following, as and for COUNT IV of this complaint.

84.   This is an action for damages which exceed Fifteen Thousand ($15,000.00) Dollars, exclusive of attorneys' fees and costs.

13

85.    Plaintiff, BRANCA, is a citizen of the State of Florida, a resident of Broward County, and is otherwise *sui juris*.

86.    Defendant, RUPP, is, upon information and belief, a citizen of the State of Florida, a resident of Broward County, and is otherwise *sui juris*.

87.    At all times material to COUNT IV of this complaint, RUPP was employed by FHP and the STATE OF FLORIDA, as a Trooper, but was acting outside the scope of her employment; all acts committed by RUPP were not committed in the name of FHP or the STATE OF FLORIDA.

88.    All conditions precedent to bringing this action have been performed, excused, modified, or waived.

89.    All of the acts complained of herein occurred in Broward County, Florida.

90.    On or about August 12, 2010, BRANCA was illegally and unconstitutionally arrested and imprisoned without her consent and without probable cause, based solely on information provided to the Office of the State Attorney and the Florida Highway Patrol by Defendant RUPP.

91.    Quasi-judicial proceedings were commenced, in whole or in part, due to the malicious acts and/or statements of Defendant RUPP.

92.    The quasi-judicial proceedings terminated in Plaintiff's favor when the Office of the State Attorney decided not to file charges against BRANCA due to a lack of probable cause after meeting with Attorney Bradford Cohen regarding the charges.

93.    Despite ASA Kristin Padowitz's determination that Defendant RUPP's allegations lacked any merit whatsoever, RUPP returned to the Office of the State Attorney and once again attempted to convince them to file charges against BRANCA.

14

94.   Defendant RUPP did so not in a good-faith investigatory attempt to thwart crime, rather, she did so out of some malicious attempt to sully BRANCA's reputation. Therefore, RUPP was no longer acting under color of law.

95.   Driven by her rage and malicious intent, Defendant RUPP disregarded the truthful findings of the Broward County State Attorney's Office that the evidence in no way supported the allegations, and reported a false claim of a violation of Driver's License to the Department of Motor Vehicles.

96.   As a result, BRANCA was forced to obtain counsel in order to fight this false charge. BRANCA prevailed but not until her license had already been suspended for numerous days.

97.   As a direct and proximate result of the acts of Defendant RUPP, whose acts were committed in bad faith and/or with malicious purpose and totally without justification, BRANCA has suffered damages including but not limited to bodily injury, pain and suffering, humiliation, mental anguish, and attorney's fees and costs expended in defense of the underlying criminal case and in reinstating BRANCA's Florida Driver's License after it was suspended.

WHEREFORE, BRANCA demands judgment against RUPP for compensatory damages, an award of costs, and such further relief as the Court may deem appropriate. BRANCA further demands a trial by jury on all issues so triable as a matter of right.

### COUNT V – FALSE ARREST
### TROOPER ELIZABETH RUPP
### ALTERNATIVE PLEADING

97.   Alternatively, BRANCA pleads the following, as and for COUNT V of this complaint.

98.   This is an action for damages which exceed Fifteen Thousand ($15,000.00) Dollars, exclusive of attorneys' fees and costs.

99. Plaintiff, BRANCA, is a citizen of the State of Florida, a resident of Broward County, and is otherwise *sui juris*.

100. Defendant, RUPP, is, upon information and belief, a citizen of the State of Florida, a resident of Broward County, and is otherwise *sui juris*.

101. At all times material to COUNT V of this complaint, RUPP was employed by FHP and the STATE OF FLORIDA, as a Trooper, but was acting outside the scope of her employment; all acts committed by RUPP were not committed in the name of FHP or the STATE OF FLORIDA.

102. All conditions precedent to bringing this action have been performed, excused, modified, or waived.

103. All of the acts complained of herein occurred in Broward County, Florida.

104. On or about August 12, 2010, RUPP arrested BRANCA at her home located at 4303 NE 1st Terrace, Fort Lauderdale, Florida, for the charges of Obtaining a Driver's License by Fraud, Making a False Affidavit, Perjury, and Forgery, all without just cause for such arrest and prosecution.

105. Defendant RUPP did so not in a good-faith investigatory attempt to thwart crime, rather, she did so out of a malicious attempt to sully BRANCA's reputation. Therefore, RUPP was no longer acting under color of law.

106. Overall, the process of when BRANCA was arrested until BRANCA was released took over thirteen hours. The bond amount that BRANCA had to post was approximately $3,500.00.

107. At all times material hereto, RUPP knew or should have known that the allegations made against BRANCA were false.

108. RUPP instituted, instigated, was the driving force behind, and/or allowed to continue, a false arrest against BRANCA without probable cause, warrant, or other authority.

109. RUPP's actions in falsely arresting BRANCA were willful, wanton, and reckless.

110. As a direct and proximate result of RUPP instituting and prosecuting the false arrest action, BRANCA was arrested, handcuffed, held in custody, "booked", photographed, fingerprinted, had her personal identification entered in police records and computers, and suffered loss of liberty, lost wages, damage to her reputation and community standing, humiliation, personal injury, pain and suffering, loss of time, and physical discomfort, and incurred expenses related to her pre-trial release in the underlying criminal case.

WHEREFORE, BRANCA demands judgment against RUPP for compensatory damages, an award of costs, and such further relief as the Court may deem appropriate. BRANCA further demands a trial by jury on all issues so triable as a matter of right.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable by right.

DATED this __19th__ day of July, 2011.

Respectfully submitted,

By: _____
Vanessa L. Prieto, Esq.
LAW OFFICES OF VANESSA L. PRIETO, ESQ.
Florida Bar No.: 124613
1132 SE 3rd Avenue
Ft. Lauderdale, FL 33316
Tel: (954) 523-7774
Facsimile: (954) 523-2656
Attorney for JENNIE E. BRANCA

17

# COMPOSITE EXHIBIT A



### DIVISION OF FLORIDA HIGHWAY PATROL
**Bureau of Investigations**
**Professional Compliance**
**Complaint Summary**

Employee: ELIZABETH M RUPP          DOE: 1/12/1987

Report Date: 6/28/2011

---

☑ **CASE NUMBER:**    P-87-0852-L          Incident Date:                    Date Closed:    6/29/1987

**Classification:**    EXONERATED                                    Final Action:    NO DISCIPLINARY ACTION

**Allegations:**    DEPT VEH PARKED IN PARKING LOT.UNKNOWN VEH STRUCK LEFT REAR CORNER OF DEPT VEH DAMAGING TAIL LIGHT.UNKNOWN VEH LEFT ACCIDENT SCENE. $100.00 DAMAGE. NO INJURIES.

**Investigative Findings:**


☑ **CASE NUMBER:**    P-87-0928-L          Incident Date:                    Date Closed:    8/18/1987

**Classification:**    EXONERATED                                    Final Action:    NO DISCIPLINARY ACTION

**Allegations:**    OTHER VEH CHANGED LANES INTO PATH OF DEPT VEH. $50.00 DAMAGE . NO INJURIES.

**Investigative Findings:**


☑ **CASE NUMBER:**    P-88-0077-L          Incident Date:                    Date Closed:    4/1/1988

**Classification:**    NON-CHARGEABLE                                Final Action:    NO DISCIPLINARY ACTION

**FAC Violations:**

    MINOR CRASH AGENCY VEHICLE

**Allegations:**    DEPT VEH ATTEMPTED TO MAKE U-TURN IN GRASS MEDIAN ATTEMPTED  TO PASS OVER CONCRETE DRAINAGE DITCH.UNDERCARRIAGE STRUCK GROUND DAMAGING FAN SHROUD AND RADIATOR.$200.00 DAMAGE.NO INJ.

**Investigative Findings:**


☑ **CASE NUMBER:**    P-88-0131-L          Incident Date:                    Date Closed:    2/17/1989

**Classification:**    SUSTAINED                                     Final Action:    ELECTED D.D.C./COUNSELLING

**FAC Violations:**

    MORE SERIOUS CRASH AGENCY VEHICLE

**Allegations:**    DEPT VEH APPROACHING INTERSECTION,FAILED TO STOP FOR VEHICLE  STOPPED WAITING TO MAKE LEFT TURN.STRUCK OTHER VEH IN REAR. $2,000.00 DAMAGE. 2 INJURIES.

**Investigative Findings:**

---

☑(check) in front of case number means case has been destroyed

*ELIZABETH M RUPP     Page 1 of 6*

☑ **CASE NUMBER:**   D-88-0090-L            **Incident Date:**                **Date Closed:**   7/22/1988

   **Classification:**   EXONERATED                        **Final Action:**   NO DISCIPLINARY ACTION

   **Allegations:**   LOSS OF DEPARTMENT ISSUED SHOTGUN WHICH WAS LATER RECOVERED.

   **Investigative
   Findings:**

☑ **CASE NUMBER:**   P-89-0198-L            **Incident Date:**                **Date Closed:**   12/4/1989

   **Classification:**   SUSTAINED                         **Final Action:**   8 HOURS OR DDC - ELECTED D.D.C.

   **FAC Violations:**

      MINOR CRASH AGENCY VEHICLE

   **Allegations:**   WHILE BACKING FROM PARKING SPACE, REAR OF DEPT VEH STRUCK LE  FT FRONT SIDE OF OTHER VEH.
   $300.00 DAMAGE. NO INJURIES.

   **Investigative
   Findings:**

☑ **CASE NUMBER:**   P-89-0385-L            **Incident Date:**                **Date Closed:**   12/28/1989

   **Classification:**   EXONERATED                        **Final Action:**   NO DISCIPLINARY ACTION

   **Allegations:**   A PEDESTRIAN WAS WALKING HIS DOG ON THE SIDE OF THE ROADWAY.   THE DOG PULLED PED INTO PATH
   OF DEPT VEH.PED WAS STRUCK WIT H LEFT FRONT OF DEPT VEH. $100 DMG. 1 INJURY. CLAIM PENDING.

   **Investigative
   Findings:**

☑ **CASE NUMBER:**   P-90-0330-L            **Incident Date:**                **Date Closed:**   12/19/1990

   **Classification:**   SUSTAINED                         **Final Action:**   16 HOUR SUSPENSION

   **FAC Violations:**

      MORE SERIOUS CRASH AGENCY VEHICLE

   **Allegations:**   DEPT VEH WAS FOLLOWING V-2 ON AN EXIT RAMP.  V-2 SLOWED AND  WAS COLLIDED WITH IN THE REAR
   BY THE DEPT VEH. DAMAGE $1500.00  NO INJURY

   **Investigative
   Findings:**

---

☐ **CASE NUMBER:**   C-91-0073-L        Incident Date:                    Date Closed:   8/26/1991

**Classification:**   SUSTAINED                              Final Action:   ORAL REPRIMAND

**FAC Violations:**

   FAILURE TO PERFORM JOB DUTIES

**Allegations:**   COMPLAINANT ALLEGED THAT THE TROOPER CONDUCTED A SUBSTANDARD   CRASH INVESTIGATION AND FAILED TO ISSUE A CITATION WHERE APPROPRIATE.

**Investigative Findings:**

---

☑ **CASE NUMBER:**   P-92-0111-K        Incident Date:                    Date Closed:   5/13/1992

**Classification:**   NON-CHARGEABLE                         Final Action:   NO DISP ACTION

**FAC Violations:**

   MINOR CRASH AGENCY VEHICLE

**Allegations:**   DEPARTMENT VEHICLE WAS PULLING UP TO A FUEL PUMP AND  SIDESWIPED A POLE.  DAMAGE $750.00  NO INJURY

**Investigative Findings:**

---

☐ **CASE NUMBER:**   D-92-0071-K        Incident Date:                    Date Closed:   5/27/1992

**Classification:**   NOT SUSTAINED                          Final Action:   NO DISP ACTION

**Allegations:**   DEPARTMENT VEHICLE WAS PARKED AT A RESIDENCE AND WAS  BURGLARIZED.  MAGLITE #32182116, 1 BOX 9MM AMMO, 1 S&W HANDCUFFS, 1 PR-24 BATON.

**Investigative Findings:**

---

☑ **CASE NUMBER:**   P-94-0012-K        Incident Date:   1/6/1994     Date Closed:   1/19/1994

**Classification:**   EXONERATED                             Final Action:   NO ACTION

**Allegations:**   DEPT VEH WAS LEGALLY PARKED AND OTHER VEH BACKED INTO THE DEPT  VEH.

**Investigative Findings:**

---

☑ **CASE NUMBER:**   P-94-0071-K        Incident Date:   3/3/1994     Date Closed:   3/8/1994

**Classification:**   EXONERATED                             Final Action:   NO ACTION

**Allegations:**   DEPT VEH WAS STOPPED AT A RED LIGHT.  A SCHOOL BUS STRUCK THE  DEPT VEH WHILE MAKING A LEFT TURN.

**Investigative Findings:**

---

☑ (check) in front of case number means case has been destroyed

☑ **CASE NUMBER:**   P-94-0194-K      **Incident Date:**   6/10/1994      **Date Closed:**   6/21/1994

**Classification:**   NOT SUSTAINED      **Final Action:**   NO ACTION

**Allegations:**   OTHER VEH DRIVER STATES DEPT VEH REAR ENDED HIM WHILE HE WAS  STOPPED AT TRAFFIC SIGNAL. TROOPER STATES OTHER VEH BACKED INTO DEPT VEH.

**Investigative Findings:**


☐ **CASE NUMBER:**   D-96-0085-K      **Incident Date:**   7/10/1996      **Date Closed:**   10/2/1996

**Classification:**   SUSTAINED      **Final Action:**   COUNSELING

**FAC Violations:**

NEGLIGENCE

**Allegations:**   EMPLOYEE LOST HER TEMPER WITH A D.O.T. EMPLOYEE.

**Investigative Findings:**


☑ **CASE NUMBER:**   P-97-0125-K      **Incident Date:**   6/9/1997      **Date Closed:**   6/13/1997

**Classification:**   SUSTAINED      **Final Action:**   COUNSELING

**FAC Violations:**

MORE SERIOUS CRASH AGENCY VEHICLE

**Allegations:**   THE DEPARTMENT VEHICLE LOST CONTROL AND STRUCK THE OTHER VEHICLE.

**Investigative Findings:**


☑ **CASE NUMBER:**   P-98-0187-L      **Incident Date:**   7/20/1998      **Date Closed:**   8/20/1998

**Classification:**   NOT SUSTAINED      **Final Action:**   NO ACTION

**Allegations:**   THE OTHER VEHICLE BACKED INTO THE DEPARTMENT VEHICLE.

**Investigative Findings:**

☑ **CASE NUMBER:** P-00-0107-L    **Incident Date:** 3/9/2000    **Date Closed:** 3/9/2000

**Classification:** SUSTAINED

**Final Action:** ALTERNATIVE: COUNSELING AND DEFENSIVE DRIVING COURSE

FAC Violations:

MINOR CRASH AGENCY VEHICLE    2nd

**Allegations:** TROOPER ENTERED THE PARKING LOT OF FHP STATION. SHE FAILED TO SEE A PRESSURE CLEANER IN THE LOT AND STRUCK IT.

**Investigative Findings:** D-V WAS TRAVELING IN THE STATION PARKING LOT. SHE FAILED TO SEE A GASOLINE POWERED PRESSURE CLEANER IN THE LOT. AS SHE TURNED AROUND THE CORNER OF THE EQUIPMENT SHED, SHE COLLIDED WITH THE CLEANER.

☑ **CASE NUMBER:** P-02-0277-L    **Incident Date:** 8/2/2002    **Date Closed:** 8/2/2002

**Classification:** EXONERATED

**Final Action:**

**Allegations:** D-V WAS TRAVELING WESTBOUND ON SR 862 IN THE INSIDE LANE BEHIND A SEMI TRACTOR-TRAILER COMBINATION. THE SEMI TRACTOR-TRAILER WITH ITS LEFT SIDE, STRUCK TWO BARRICADES THAT BORDERED THE INSIDE PAVED SHOULDER JUST EAST OF SR 7. ONE OF THE BARRICADES WAS THROWN INTO THE PATH OF D-V. THE LEFT FORNT FENDER, SPOTLIGHT, AND DRIVER'S DOOR WAS STRUCK BY THE BARRICADE CAUSING MINOR DAMAGE. NO INJURIES.

**Investigative Findings:** D-V WB ON SR 862 BEHIND A SEMI TRACTOR-TRAILER. THE SEMI TRACTOR STRUCK TWO BARRICADES THAT BORDERED THE INSIDE LANE. ONE OF THE BARRICADES WAS THROWN INTO THE PATH OF D-V. TROOPER WAS UNABLE TO AVOID COLLISION AND STRUCK THE BARRICADE WITH THE LEFT FRONT FENDER, SPOTLIGHT, AND DRIVER'S SIDE DOOR OF D-V.

☑ **CASE NUMBER:** P-02-0417-L    **Incident Date:** 11/5/2002    **Date Closed:** 11/8/2002

**Classification:** EXONERATED

**Final Action:**

**Allegations:** TROOPER WAS TRAVELING WESTBOUND ON NW 1 STREET. OTHER VEHICLE WAS TRAVELING NORTHBOUND ON NW 4 AVENUE AND ENTERED THE INTERSECTION THROUGH A STOP SIGN AND WAS STRUCK IN THE RIGHT SIDE BY THE FRONT OF D-V.

**Investigative Findings:** TROOPER RUPP WAS OPERATING FHP1130 WESTBOUND ON NW 1ST STREET. A VEHICLE DRIVEN BY JIM WANG WAS OPERATING HIS VEHICLE NORTHBOUND ON NW 4TH AVE. MR WANG ENTERED THE INTERSECTION THROUGH A STOP SIGN WHICH VIOLATED TROOPER RUPP'S RIGHT OF WAY. MR WANG'S VEHICLE WAS STRUCK IN THE RIGHT SIDE BY THE FRONT OF THE PATROL CAR.

☑ **CASE NUMBER:** P-02-0490-L    **Incident Date:** 12/24/2002    **Date Closed:** 1/27/2003

**Classification:** EXONERATED

**Final Action:**

**Allegations:** TROOPER WAS OPERATING D-V EB ON SR 848. A VEHICLE TRAVELING WB ON SR 848 MADE A LEFT TURN AT THE INTERSECTION AT OAKWOOD BLVD AND STRUCK THE LEFT FRONT OF D-V.

**Investigative Findings:** TROOPER RUPP WAS EB ON SR848 IN THE OUTSIDE LANE APPROACHING THE INTERSECTION OF OAKWOOD BLVD. A WB VEHICLE MADE A LEFT TURN AT THE INTERSECTION AND STRUCK THE LOFT FRONT OF THE DV.

---

☑(check) in front of case number means case has been destroyed

*ELIZABETH M RUPP    Page 5 of 6*

☑ **CASE NUMBER:**  P-06-0077-L          **Incident Date:** 2/14/2006          **Date Closed:** 3/24/2006

**Classification:**  SUSTAINED          **Final Action:** COUNSELING

**FAC Violations:**

 MORE SERIOUS CRASH AGENCY VEHICLE     1st

**Allegations:**  DV STRUCK REAR OF VEH-2 STOPPED IN TRAFFIC AND VEH-2 STRUCK REAR OF VEH-3.

**Investigative Findings:**  TROOPER WAS OPERATING HER DV NB ON SR 9 IN THE RIGH CENTER LANE, JUST NORTH OF SR 848. SHE SAID, SHE LOOKED AWAY AND WHEN SHE LOOKED FORWARD OTHER TRAFFIC WERE STOPPED IN THE TRAVEL LANE SHE WAS OCCUPYING. THE RIGHT FRONT OF THE DV STRUCK THE LEFT REAR OF VH 2. THE INITIAL COLLISION CAUSED VH 2 TO TRAVEL FORWARD STRIKING THE RIGHT REAR OF VH 3.

☑ **CASE NUMBER:**  P-06-0307-L          **Incident Date:** 7/6/2006          **Date Closed:** 7/27/2006

**Classification:**  EXONERATED          **Final Action:** NONE

**Allegations:**  OV TRAVELED INTO THE PATH OF DV. THE FRONT OF DV COLLIDED WITH THE LEFT SIDE OF OV.

**Investigative Findings:**  OV TRAVELED INTO THE PATH OF DV. THE FRONT OF DV COLLIDED WITH THE LEFT SIDE OF OV.

☐ **CASE NUMBER:**  C-09-0652-Q          **Incident Date:** 9/23/2009          **Date Closed:** 12/9/2009

**Classification:**  UNFOUNDED          **Final Action:** NONE

**Allegations:**  THE COMPLAINANT, MS. SWETT, STATED THAT S&S TOWING REMOVED A MOTORCYCLE THAT LT LONG AND TPR RUPP ARE SEARCHING FORFEITURE ON, FROM THE BED OF HER TRUCK. THE BED HAS A TOW PACKAGE THAT INCLUDES TIE DOWN STRAPS THAT HAD BEEN USED TO SECURE THE MOTORCYCLE IN THE BED OF THE TRUCK. AFTER THE MOTORCYCLE WAS REMOVED AND SHE RETURNED TO THE TRUCK, THE TIE DOWN STRAPS WERE MISSING. SHE CONTACTED S&S TOWING WHO SAID THEY HAD ROLLED THE STRAPS UP AND LEFT THEM WITH THE TRUCK.

**Investigative Findings:**

☐ **CASE NUMBER:**  C-11-0018-Q          **Incident Date:** 8/12/2010          **Date Closed:** 4/19/2011

**Classification:**  NOT SUSTAINED          **Final Action:** NONE

**Allegations:**  1) EMPLOYEE FAILED TO PROVIDE HER NAME & BADGE TO THE COMPLAINANT WHEN REQUESTED DURING AN ARREST.  2) EMPLOYEE WAS RUDE & DISCOURTEOUS TOWARDS THE COMPLAINANT DURING AN ARREST.  3) THE EMPLOYEE IMPROPERLY HANDCUFFED THE COMPLAINANT.  4) THE EMPLOYEE'S REPORT WAS POORLY WRITTEN WITH ERRORS, SPELLING MISTAKES, NAME MISTAKES, PUNCTUATION ERRORS, INCOMPLETE SENTENCES, & WAS NOT LEGIBLE.

**Investigative Findings:**  1) EMPLOYEE FAILED TO PROVIDE HER NAME AND BADGE TO BRADFORD COHN: "NOT SUSTAINED"; 2) EMPLOYEE WAS RUDE AND DISCOURTEOUS: "NOT SUSTAINED"; 3) EMPLOYEE IMPROPERLY HANDCUFFED THE COMPLAINANT: "UNFOUNDED".

---

☑(check) in front of case number means case has been destroyed

# COMPOSITE EXHIBIT B

☒ ARREST FORM

BROWARD COUNTY
ARREST #

| Filing Agency | | | | | | Local ID # | | | | OBTS # | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FLORIDA HIGHWAY PATROL | | FHPL10OFF049078 | | | | | | FDLE | | | | SS# 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 | |

| Defendant's Last Name | | First | | Middle | | | Alias/Street Name | | Citizenship |
|---|---|---|---|---|---|---|---|---|---|
| Branca | | Jennie | | E | SUF | | | | US |

| Race W | Sex F | Hgt 501 | Eyes BLU | Hair BLD | Wgt. 120 | Comp. Lite | Age 22 | DOB 12/22/87 | Birthplace New Jersey | Scars, marks, TT N/A |
|---|---|---|---|---|---|---|---|---|---|---|

Permanent Address

4303 NE 1 St Terr #6 Ft. Lauderdale, Florida 33334          Local Address: SAME

| Residence Type: | (1) City | (2) County | (3) Florida | (4) Out of State | Place of Employment Pangaea Gryphone | |
|---|---|---|---|---|---|---|

| How long defendant in Broward County? 3yrs | Breathalyser by / CCN n/a | Reading | Place of arrest 4303 NE 1 Terr Ft. Lauderdale | Date/time arrested 8/12/10 @ 5:15PM | Arresting officer(s) CCN EM RUPP 1127/606 | Length 7mths |
|---|---|---|---|---|---|---|

| Officer injured Y ☐ N ☒ | Unit 1 | Zone 1466 | Beat BOI | Shift 8-4 | Trans. Unit | PMD Y ☐ N ☐ | Transporting Officer / CCN Pollack # 8119 | Pick-up time: | Time arrived at BSO: | Drug type: |
|---|---|---|---|---|---|---|---|---|---|---|

Type: N-NA A-Amphetamine B-Barbiturate C-Cocaine E-Heroin H-Hallucinogen M-Marijuana O-Opium P-Paraphernalia Equipment S-Synthetic U-Unknown Z-Other

| Activity N/A | Activity: N-NA P-Possess S-Sell | B-Buy T-Traffic A-Smuggle | E-Use M-Manufacture/Produce/Cultivate | K-Dispense/ | Indication of: Alcohol influence Drug influence | Y ☐ N ☒ UK ☐ |
|---|---|---|---|---|---|---|

Attach Defendant's Photo

| Defendant's Vehicle Make: N/A | Type | Year | Color | VIN # |
|---|---|---|---|---|

Vehicle towed to:          Tag #          Other Identifiers or Remarks:

Name of Victim(s) (if corporation, exact legal name and state of incorporation):

STATE OF FLORIDA  14190 West State Road 84  Davie  Florida 33325    954-837-4013

| Count # | Offenses Charged | Citation # if Applicable | FS or Capias/Warrant # |
|---|---|---|---|
| 1 | Obtaining Driver License/ Identification Card by Fraud | | F.S. 322..212 (5)(a) |
| 1 | Making False Affidavit / Application F.S. 322.33 | | |
| 1 | Perjury | | F.S. 322.33 |
| | Forgery | | F.S. 837.02(1)  831.01 |

## Probable Cause Affidavit

Before me this date personally appeared E M RUPP and says that on 07 day of October, (year) 2009 at 1931 NW 9th Street Ft. Lauderdale Florida who being first duly sworn deposes defendant committed the above offenses charged and the facts showing probable cause to believe the same are as follows:

On May 21, 2010, I received information from the Broward Sherriff's Office that Jennie Branca obtain a fraudulent Florida Driver License in the name of Chyna C. Cervine. . I also received certified photographs and applications from DDL for Jennie E. Branca (true), Chyna C. Cervine (fraud). A comparison of Jennie E.. Branca and Chyna C. Cervine confirmed that the individuals were one in the same.
On October 07, 2009, Jennie E. Brance entered the Division of Driver License office located at 1931 NW 9th Ave Ft. Lauderdale, Florida 33313, with the intent to fraudulently obtain a duplicate Florida Driver License in the name of Chyna C. Cervini. At the time of the application, Jennie E.Branca presented hemself to the DDL Examiner Sandy Flerena #3122. According to the certified application produced a Florida Driver Record as means of Identification. The application showed that Jennie E. Bervine was issued a duplicate Florida Driver License in the name of Chyna C. Cervine after signing and attesting to the listed information on the application as being true.

I swear the above statement is correct and true to the best of my knowledge and belief.

OFFICER / AFFIANT'S SIGNATURE          OFFICER'S NAME / CCN  Elizabeth Rupp          F.H.P. OFFICER'S DIVISION

STATE OF FLORIDA  COUNTY OF BROWARD

The forgoing instrument was acknowledged before me this 12 day of August, (year) 2010 who is personally known to me or who has produced (ID type) work as identification and who did (did or did not) take an oath.

DEPUTY CLERK OF THE COURT, NOTARY PUBLIC, OR ASSISTANT STATE ATTORNEY          TITLE OR RANK / CCN    (SEAL OR STAMP IF APPLICABLE)

FIRST APPEARANCE/ARREST FORM

SEVENTEENTH JUDICIAL CIRCUIT
BROWARD COUNTY
STATE OF FLORIDA
BSO DB#2 (Revised 6/97)

(SHOULD ADDITIONAL SPACE BE NEEDED, USE THE PROBABLE CAUSE AFFIDAVIT CONTINUATION )

Distribution:
Orig - Court
2nd - State Attorney
3rd - Filing Agency
4th - Arresting Agency

## STATE ATTORNEY

PROBABLE CAUSE AFFIDAVIT CONTINUATION

ARREST NO. _____                                                      OBTS NO. FHPL10OFF049078

| DEFENDANT'S LAST NAME | FIRST | MIDDLE | SUF | HGT. | WGT. | RC | SEX | D.O.B. | OFFENSE REPORT | ARRESTING OFFICER(S) / CCN |
|---|---|---|---|---|---|---|---|---|---|---|
| Branca | Jennie | E | | 501 | 120 | W | F | 12/22/87 | FHPL10OFF049078 | EM RUPP 1127/606 |

NAME OF VICTIM (IF CORPORATION, EXACT LEGAL NAME AND STATE OF INCORP)

STATE OF FLORIDA 14190 West State Road 84 Davie Florida 33325

ADDRESS

PHONE #
954-837-4013

| COUNT NO. | OFFENSES CHARGED | CITATION #, IF APPLICABLE | F.S. # OR CAPIAS / WARRANT # |
|---|---|---|---|
| | See Page One. | | |
| | | | |
| | | | |
| | | | |

Before me this date personally appeared _____ E M RUPP _____ who being first duly sworn

deposes and says that on **07** day **October** **2009** at **1931 NW 9th Ave Ft. Lauderdale Florida** (crime location) the

above named defendant committed the above offenses charged and the facts showing probable cause to believe same are as follows:

On August 12, 2010 I made contact with Jennie Branca at her residence located at 4303 NE 1 Terr Apt. #6 Ft Lauderdale Florida. I told Ms. Branca That I was there to investigate a Driver License Fraud Complaint. I showed Ms. Branca the Driver License Record and She stated at all of the Photo's were not her at first. at the same time her boyfried pulled into the parking lot a got out of his vehicle a gray LandRover SUV stating he was her boyfriend and wanted to help. He also stated that he was a lawyer and had helped her on another case. He stated that his name was Brad Cohen and please let him do what he can to help her not get arrested. I then asked him if he would be willing to look at some photos to ID his girlfriend. Mr. Cohen stated he would to help. I showed him Line up #1 Ms. Branca's Driver License Photo's . Mr. Cohen stated all of the photo's were his girlfriend / Ex - girlfriend with out the pirks. Mr. Cohen was then shown Line up #2 from Ms. Cerevini Driver License Photo's first Mr. Cohen stated how old are they. I stated that last two on the right where older and I covered them. I asked to look at the left two and Mr. Cohen stated that the left first one was Ms. Brance but not the 2nd Photo he stated that person was Ms. Cervini with the nose ring over and over. Ms. Branca yelled over at him and said none of them are her. Ms. Branca was placed under arrest and her Miranda rights were read at the scene. Ms. Branca gave no statement about the fraud she keep stating that it's not her and it's Ms. Cervini doing it. Ms. Branca was transported to the Florida Highway Patrol Station for paperwork then transported to the Broward County Jail for booking.

I swear the above statement is correct and true to the best of my knowledge and belief.

_____
OFFICER / AFFIANT'S SIGNATURE

TROOPER ELIZABETH M RUPP 1127/606
OFFICER'S NAME / CCN

FLORIDA HIGHWAY PATROL
OFFICER'S DIVISION

STATE OF **Florida**    COUNTY OF **Broward**

The foregoing instrument was acknowledged before me this **12** day of **August** 20 **2010** who is personally

known to me or who has produced (ID Type) **work** as identification and who **did** take an oath.
                                                                    (DID OR DID NOT)

_____
DEPUTY CLERK OF THE COURT, NOTARY PUBLIC, OR ASSISTANT STATE ATTORNEY

_____
TITLE OR RANK / CCN

(SEAL OR STAMP)

SEVENTEENTH JUDICIAL CIRCUIT
BROWARD COUNTY
STATE OF FLORIDA

FIRST APPEARANCE/ARREST FORM

85008-2A (REV. 9/91)

STATE ATTORNEY

Original Court
2nd State Attorney
3rd Filing Agency
4th Arresting Agency

COHEN LA

1132 SE 3RD AVENUE, FORT LAUDERDALE, FL

TELEPHONE: (954)-523-7774 FACSIMILE: (954)-523-2656

September 24th, 2006                    **COMPOSITE EXHIBIT C**

Florida Highway Patrol
Colonel John T. Czernis
2601 W. Broward Blvd.
Fort Lauderdale, FL 33312

Florida Department-Financial
200 E Gaines St
Tallahassee, FL 32399-6502

VIA CERTIFIED MAIL

VIA CERTIFIED MAIL

RE: Notice Pursuant to §768.28(6) for claim of Jennie E. Branca

Dear Colonel Czernis:

Please accept this letter as official notice of a civil claim against the Florida Highway Patrol on behalf of Jennie E. Branca.

Jennie E. Branca was illegally arrested by Florida Highway Patrol Officer Elizabeth Rupp. Offense Report FHPL 10OFF049078. The Illegal arrest took place in front of her home at 4303 NE 1st Terrace.

The arrest of Ms. Branca was based on the inaccurate and sloppy investigative skills and training of Trooper Elizabeth Rupp. She insisted incorrectly that Ms. Branca obtained a false identification at the DMV. She did this without comparing signatures on the Florida Driver License, without interviewing the other individual whom she thought Ms. Branca was imitating, without speaking to an individual at the DMV that could identify Ms. Branca as the individual whom an incorrect license was issued too, and without requesting any type of expert to assist her in evaluating the two individuals. When given the opportunity to do further investigation she refused. When given the opportunity to speak to the individual whom she stated Ms. Branca was imitating she refused. The caveat is that Ms. Branca NEVER obtained a false Florida Driver's License. There is a picture on Ms. Branca's Driver's License that is clearly not her. Ms. Branca in essence would not be the Defendant, but a victim. Due to the Trooper's lack of investigative skills the Trooper arrested the wrong person.

Ms. Branca who has never been arrested before this date, was forced to spend the night in jail, suffer injuries due to the handcuffs placed improperly on her wrists, embarrassment, loss of time from work, loss of a potential job, as this matter was pending during the application for that job and expend monies for attorney's fees and costs. She now has to suffer the further expense of expunging her record, as the matter was dismissed in its entirety.

Mr. Branca's date of birth is 12/22/1987, her social security number is 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. Her DL number is B-652-425-87-962-0. She was born in Franklinville, NJ. The date of the incident was August 12th, 2010.

If you contend that this notice, which is provided to you pursuant to the requirements of §768.28 Florida Statutes, is defective or insufficient in any manner, please advise this

properly investigated t    our organization.

Of you have any further questions regarding this incident please feel free to contact the offices of the undersigned counsel.

Sincerely,

Bradford Cohen, Esq.

cc: Florida Department of Finance